UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2<br><br>**Plaintiff**<br><br>vs.<br><br>**James W. Booth**<br><br>**Defendant** | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>RE:<br>638 Alfred Road, Arundel, ME 04046<br><br>Mortgage:<br>July 16, 2007<br>Book 15210, Page 372, Re-recorded in Book 15485 Page 224<br>York County Registry of Deeds |

NOW COMES the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, James W. Booth, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Trust, National Association, not in its individual capacity, but solely as trustee

for MFRA Trust 2014-2, in which the Defendant, James W. Booth, is the obligor and the total amount owed under the terms of the Note is Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 is a National Association with its main place of business located at Rodney Square North, 1100 North Market Street, Wilmington, Delaware, 19890.

5. The Defendant, James W. Booth, is a resident of Arundel, County of York, and State of Maine.

## FACTS

6. On July 16, 2007, by virtue of a Warranty Deed from Hobson A. Jandebeur and Andrea L. Jandebeur, which is recorded in the York County Registry of Deeds in **Book 15210, Page 370**, the property situated at 638 Alfred Road, Town of Arundel, County of York, and State of Maine, was conveyed to James W. Booth, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On July 16, 2007, Defendant, James W. Booth, executed and delivered to SunTrust Mortgage, Inc. a certain Note under seal in the amount of $245,000.00. *See* Exhibit B (a true

and correct copy of the Lost Note Affidavit and a copy of the Note is attached hereto and incorporated herein).

8.  To secure said Note, on July 16, 2007, Defendant, James W. Booth, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems as nominee for SunTrust Mortgage, Inc., securing the property located at 638 Alfred Road, Arundel, ME 04046 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15210**, **Page 372, Re-recorded in Book 15485 Page 224**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein) and *See* Exhibit D (a true and correct copy of the re-recorded Mortgage is attached hereto and incorporated herein).

9.  The Mortgage was then assigned to Litton Loan Servicing, LP by virtue of an Assignment of Mortgage dated March 17, 2009, and recorded in the York County Registry of Deeds in **Book 15611**, **Page 751** (which is arguably insufficient under *Greenleaf*). *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Green Tree Servicing, LLC by virtue of an Assignment of Mortgage dated November 14, 2012, and recorded in the York County Registry of Deeds in **Book 16464**, **Page 153** (which is arguably insufficient under *Greenleaf*). *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On August 18, 2014, the Defendant, James W. Booth, executed a Home Affordable Modification Agreement which adjusted the principal amount of the Note to $329,288.23 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this

foreclosure and sale action. *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 2, 2015, and recorded in the York County Registry of Deeds in **Book 16988**, **Page 794** (which is arguably insufficient under *Greenleaf*). *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 by virtue of an Assignment of Mortgage dated January 4, 2017, and recorded in the York County Registry of Deeds in **Book 17401**, **Page 33** (which is arguably insufficient under *Greenleaf*). *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 by virtue of a Quitclaim Assignment dated July 13, 2017, and recorded in the York County Registry of Deeds in **Book 17535**, **Page 341** and this Quitclaim Assignment also conveys ownership of the subject Mortgage and standing to the Plaintiff. *See* Exhibit J (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On March 18, 2024, the Defendant, James W. Booth, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, James W. Booth, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

17. The Defendant, James W. Booth, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, hereby certifies it is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The total debt owed under the Note and Mortgage as of April 30, 2024, is Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $328,390.35 |
| Interest | $100,238.78 |
| Unpaid Late Charges | $929.76 |
| Escrow Advance | $53,018.50 |
| Recoverable Corporate Advance Balance | $13,056.45 |

| | |
|---|---|
| Pro Rata MIP/PMI Amount | $54.24 |
| Grand Total | $495,688.08 |

22. Upon information and belief, the Defendant, James W. Booth, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 638 Alfred Road, Arundel, County of York, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is the holder of the Lost Note Affidavit referenced in Paragraph 7 pursuant to endorsement by the previous holder and physical possession of the aforesaid Lost Note Affidavit in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, James W. Booth, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2014, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of April 30, 2024, is Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08) Dollars.

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, James W. Booth's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, James W. Booth, on March 18, 2024, evidenced by the Certificate of Mailing. *See* Exhibit K.

32. The Defendant, James W. Booth, is not in the Military as evidenced by the attached Exhibit L.

33. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On July 16, 2007, the Defendant, James W. Booth, executed under seal and delivered to SunTrust Mortgage, Inc. a certain Note in the amount of $245,000.00. *See* Exhibit B.

36. The Defendant, James W. Booth, is in default for failure to properly tender the October 1, 2014, payment, and all subsequent payments. *See* Exhibit K.

37. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is the proper holder of the Lost Note Affidavit

and is entitled to enforce the terms and conditions of the Lost Note Affidavit due to its breach by the Defendant, James W. Booth.

38. The Defendant, James W. Booth, having failed to comply with the terms of the Lost Note Affidavit and Mortgage, is in breach of both the Lost Note Affidavit and the Mortgage.

39. The Defendant, James W. Booth's, breach is knowing, willful, and continuing.

40. The Defendant, James W. Booth's, breach has caused Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Lost Note Affidavit and Mortgage as of April 30, 2024, if no payments are made, is Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08) Dollars.

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

43. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, James W. Booth, entered into a written contract with SunTrust Mortgage, Inc. who agreed to loan the amount of $245,000.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, James W. Booth, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is the proper holder of the Note and successor-in-interest to SunTrust Mortgage, Inc., and has performed its obligations under the Note and Mortgage.

48. The Defendant, James W. Booth, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2014, payment, and all subsequent payments. *See* Exhibit K.

49. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James W. Booth.

50. The Defendant, James W. Booth, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, James W. Booth, is indebted to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 in the sum of Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08) Dollars, for money lent by the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, to the Defendant.

52. Defendant, James W. Booth's, breach is knowing, willful, and continuing.

53. Defendant, James W. Booth's, breach has caused Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of April 30, 2024, if no payments are made, is Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08) Dollars.

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

56. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

57. The Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. SunTrust Mortgage, Inc., predecessor-in-interest to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, loaned the Defendant, James W. Booth, $245,000.00. *See* Exhibit B.

59. The Defendant, James W. Booth, has failed to repay the loan obligation.

60. As a result, the Defendant, James W. Booth, has been unjustly enriched to the detriment of the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 as successor-in-interest to SunTrust Mortgage, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is entitled to relief.

62. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount(s) due any Parties-In-Interest that appear in this action;

c) Grant possession to the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, upon the expiration of the period of redemption;

d) Find that the Defendant, James W. Booth, is in breach of the Note by failing to make payment due as of October 1, 2014, and all subsequent payments;

e) Find that the Defendant, James W. Booth, is in breach of the Mortgage by failing to make payment due as of October 1, 2014, and all subsequent payments;

f) Find that the Defendant, James W. Booth, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, James W. Booth, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2014, and all subsequent payments;

h) Find that the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, James W. Booth has been

unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, to restitution;

k) Find that the Defendant, James W. Booth, is liable to the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, for money had and received;

l) Find that the Defendant, James W. Booth, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, James W. Booth, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, is entitled to restitution for this benefit from the Defendant, James W. Booth;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees, and court costs;

p) Additionally, issue a money judgment against the Defendant, James W. Booth, and in favor of the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, in the amount of Four Hundred Ninety-Five Thousand Six Hundred Eighty-Eight and 08/100 ($495,688.08 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Dated: May 8, 2024

Respectfully Submitted,
Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2,
By its attorneys,

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com