**AFFIDAVIT OF LOST NOTE**

STATE OF Arizona

COUNTY OF Maricopa

BEFORE ME this day personally appeared Kizzy Houston who, after first being duly sworn, disposes and states:

1. I am an employee of Ditech Financial LLC ("Ditech") and am authorized to sign this affidavit on its behalf. Ditech is the servicing agent for the holder of the subject loan ("Loan"). The holder of the Loan is Fannie Mae and they have the authority to enforce the Note as more fully identified herein on behalf of Fannie Mae.

    Loan number: ▉▉▉▉▉▉▉

    Borrower: JAMES W BOOTH

    Property Address: 638 ALFRED RD , ARUNDEL , ME 4046

2. I have personal knowledge of Ditech's business records kept in the course of Ditech's regularly conducted business activities. It is Ditech's practice to make these business records at or near the time of occurrence of incidents related to them. I have personal knowledge of Ditech's procedures with respect to the safekeeping and retrieval of original notes serviced by Ditech on behalf of the note holder and Ditech's lost note procedures for determining if an original note is lost.

3. Attached as Composite Exhibit "A" is a copy of the note ("Note") which is the subject of this affidavit. These documents are attached to this affidavit for purposes of evidencing the terms of the Note which, based on Ditech's business records that I reviewed, is a true and correct copy of the Note, along with any allonges to the Note. The Note that has been lost is the Note dated 7/16/2007, made and executed by JAMES W BOOTH to Suntrust Mortgage, INC evidencing the obligation to pay $245000.00.

    Pursuant to the endorsements reflected upon the Note or Allonges attached thereto, the original Note was endorsed by Suntrust Mortgage, INC then to Blank. The Note was ultimately transferred to Fannie Mae.

4. According to the business records of Ditech, we cannot reasonably obtain possession of the original Note dated 7/16/2007, in the original principal amount of $245000.00 in favor of Suntrust Mortgage, INC, executed by JAMES W BOOTH and secured by that certain Mortgage/Deed of Trust recorded in York County, Book 15210 Page 0372 - 0388 Instrument Number 2007035001 because its whereabouts cannot be determined despite a diligent and thorough search.

Copies of all relevant documents referenced herein are attached in Composite Exhibit "A".

5. I have personal knowledge that Ditech's established lost note procedures were followed in determining that the Note has been lost.

**EXHIBIT A**

Lost Note Affidavit

6. Fannie Mae was entitled to enforce the instrument when the loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when the loss of possession occurred.

7. The loss of possession was not the result of a transfer or a lawful seizure.

8. After a diligent search, possession of the note cannot reasonably be obtained because its whereabouts cannot be determined.

9. Ditech and its affiliated successors and/or assigns agrees to hold harmless the borrowers and indemnifies borrowers should any unknown party seek to enforce the lost Note and mortgage against the borrowers.

FURTHER AFFIANT SAYETH NOT

_____
Kizzy Houston
Assistant Vice President
Ditech Financial, LLC

State of Arizona §
§
County of Maricopa §

SWORN TO AND SUBSCRIBED BEFORE ME ON October 19th, 2016 BY Kizzy Houston.

(Personalized Seal)

Margaret L McFall
Notary Public
Maricopa County, Arizona
My Comm. Expires 12-10-17

_Margaret L McFall_
Notary Public's Signature

Lost Note Affidavit

# NOTE

Loan No.: [redacted]

MIN.: [redacted]

July 16, 2007         DOVER         New Hampshire
[Date]                [City]        [State]

638 ALFRED ROAD, ARUNDEL, ME 04046
[Property Address]

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ **245,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **SUNTRUST MORTGAGE, INC.**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **8.625 %**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

   (A) **Time and Place of Payments**

   I will pay Principal and interest by making a payment every month.

   I will make my monthly payment on the **1st** day of each month beginning on **September, 2007**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **August 1, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at **P.O. BOX 79041, BALTIMORE, MD 21279-0041** or at a different place if required by the Note Holder.

   (B) **Amount of Monthly Payments**

   My monthly payment will be in the amount of U.S. $ **1,905.59**.

4. **BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

Maine Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—        Page 1 of 3        Form 3220 01/01
www.compliancesource.com                                12601ME 08/00





5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

    (A) **Late Charge for Overdue Payments**

    If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    (B) **Default**

    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    (C) **Notice of Default**

    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    (D) **No Waiver By Note Holder**

    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    (E) **Payment of Note Holder's Costs and Expenses**

    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**

    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

    Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

    I and any other person who has obligations under this Note waive the rights of presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Maine Fixed Rate Note—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com
Page 2 of 3
Form 3220 01/01
12601ME 08/00

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ witness

_____ (Seal)  _____ (Seal)
JAMES W BOOTH              -Borrower                              -Borrower

_____ (Seal)  _____ (Seal)
                           -Borrower                              -Borrower

[Sign Original Only]

Without Recourse
PAY TO THE ORDER OF

_____
SunTrust Mortgage Inc.

_____
Deborah P. Ellis, Vice President