UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2<br><br>Plaintiff<br><br>vs.<br><br>James W. Booth<br><br>Defendant | CIVIL ACTION NO: 2:24-cv-00164-JAW<br><br><br>RE:<br>638 Alfred Road, Arundel, ME 04046<br><br>Mortgage:<br>July 16, 2007<br>Book 15210, Page 372,<br>Re-recorded in Book 15485 Page 224 |

## [PROPOSED] ORDER AS TO MOTION TO APPOINT RECEIVER

The Plaintiff in this matter, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, by and through undersigned counsel, has filed a Motion to Appoint Benjamin P. Campo, Jr., Esq. as Receiver for the real property subject to this action located at 638 Alfred Road, Arundel, ME 04046 (the "Property") based on circumstances as outlined in said motion and accompanying affidavits in Support of Plaintiff's Motion to Appoint Receiver a Receiver is hereby appointed.

Appointment of a receiver for the subject real property is appropriate as the subject property is at risk and a Receiver is appropriate to take control as Defendant is purposely not paying the taxes, insurance or the mortgage payment despite the stated ability to do so. Based on the fact that the Defendant has ceased paying the mortgage, and other mitigating factors that pose substantial and immediate risk of damage to the Property as outlined in Plaintiff's motion, including the Defendant moving his substantial Landscaping business and related equipment and materials to the property, appointment is warranted to document the current condition and to maintain the status quo.

The Court has inherent authority under Rule 66 of the Federal Rules of Civil Procedure to appoint a receiver to manage property pledged as security in order to preserve its value in the event of a judgment. *New York Cmty. Bank v. Sherman Ave. Associates, LLC*, 786 F. Supp. 2d 171, 174-75 (D.D.C. 2011). The appointment of a receiver is an extraordinary equitable remedy but it is appropriate when the appointment is ancillary to the achievement of final, equitable relief. *Id.* at 175. Factors that inform the Court's discretion include "the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to [the] plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, [the] plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property." 12 Richard L. Marcus, Federal Practice and Procedure § 2983, Westlaw (database updated Apr. 2023) (cleaned up).

Among other considerations, the appointment of a receiver is warranted to document the current condition of the subject Property, maintain and preserve the status quo condition of said real property. While the benefit to Plaintiff that will result from the appointment is clear, no significant corresponding injury will arise for Defendant. Finally, the Court has on prior occasions appointed the proposed receiver and finds, based on that history, that he is well suited to the appointment.

Accordingly, Plaintiff's Motion to Appoint Receiver (ECF No. \_\_\_\_) is GRANTED. The Court hereby appoints Benjamin P. Campo, Jr., Esq., as Receiver of the Property located at 638 Alfred Road, Arundel, ME 04046.

So ordered.

Dated this _____ day of _____ 2025.

_____
U.S. District Court Judge