**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee MFRA Trust 2014-2** | **CIVIL ACTION NO: 2:24-cv-00164-JAW** |
| **Plaintiff** | |
| **vs.** | **RE:**<br>**638 Alfred Road, Arundel, ME 04046** |
| **James W. Booth** | **Mortgage:**<br>**July 16, 2007**<br>**Book 15210, Page 372, Re-Recorded**<br>**Book 15485, Page 224**<br>**York County, Maine, Registry of Deeds** |
| **Defendant** | |

**DEFENDANT'S SUR-REPLY**

Plaintiff's reliance on *Murray* is misplaced. *Murray* can, in fact, be cited for the proposition that the person in possession of a lost note and entitled to enforce it at the time of loss can enforce it. The court in *Murray* walks through Sections 301 and 309 and concludes that a bank had the right to enforce the note only because "it was in possession of the [Note] and entitled to enforce it when loss of possession occurred." *U.S. Bank Trust Nat'l Ass'n v. Murray*, 2025 WL 1071655, at *4 (D. Mass. Feb. 27, 2025) (Citing Mass. Gen. Laws ch. 106, § 3-309(a)(i)).

The reason the Plaintiff in *Murray* won, even though it was not the bank that lost the note, was that it sought to enforce the note "as authorized agent of the noteholder," BANA, who was "in possession of the [Note] and entitled to enforce it when loss of possession occurred." *Id.* The right to foreclose with a lost note rested on two main facts. First, that BANA — the party that had possessed the note when lost and was entitled to enforce it— had the right to enforce it under Section 309. Second, BANA executed a written Assignment of Authority on September 25, 2023,

expressly authorizing U.S. Bank to enforce the note on BANA's behalf. *Id.* at *2. The court's holding that U.S. Bank could enforce the mortgage depended on those predicates. *Id.* at *4-5. Neither is present here. The record is not clear on who lost the note, and there is no authorized agent.

*Murray* may chart a path for would-be assignees seeking to enforce lost notes through foreclosures under the pre-2002 UCC: an assignee wishing to enforce a mortgage on a lost note might be able to do so if 1) they act as agent, 2) on behalf of the person who lost the note and was entitled to enforce it when it was lost. Such terms could be arranged in many circumstances. But *Murray* does not support Plaintiff's position. It identifies what the Plaintiff might have done to assert a claim.

DATED: February 20, 2026                                Respectfully submitted,


/s/        John Z. Steed
John Z. Steed, Bar #5399
Island Justice Law, LLC
P.O. Box 771
Stonington, ME 04681
(207) 200-7077
john@islandjusticelaw.com